IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEREMY KENNEDY                                                                                          PLAINTIFF
ADC #093061

V.                                         NO: 5:14CV00095 DPM/HDY

RAY HOBBS *et al.*                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Jeremy Kennedy filed this *pro se* complaint on March 18, 2014, alleging that he has been denied adequate medical care for his hepatitis. Although Plaintiff has accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g), the Court granted him in *forma pauperis* ("IFP") status after concluding that he had sufficiently alleged imminent danger of serious physical injury due to his allegations that his hepatitis was not being treated (docket entry #3). The Court also noted that Defendants could challenge that finding in a future motion.

On August 29, 2014, Defendants Michelle Bishop, Charlotte Gardner, Ojiugo Iko, and Gregory and McKinney, filed a motion, along with a brief in support, seeking to revoke Plaintiff's IFP status (docket entries #76 & #77). Plaintiff filed a response in opposition on September 5, 2014 (docket entry #81).

The facts are largely undisputed. Plaintiff has hepatitis B ("HBV"), which was confirmed in a February 21, 2014, test report. As a result of that test, Plaintiff was scheduled for a liver biopsy,

which he had on April 17, 2014.  That biopsy indicated that treatment was appropriate, and Plaintiff is now receiving medication.

The imminent danger exception to the three strike rule applies only if the prisoner is in imminent danger at the time he files the complaint.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Defendants argue that appropriate steps were taken in determining whether treatment was appropriate, and that the process for that determination had begun before the lawsuit was filed.  Plaintiff appears to agree that testing is an appropriate first step in evaluating treatment options, and that his treatment since February 21, 2014, has been acceptable.  However, Plaintiff asserts that Gregory McKinney, M.D., diagnosed probable  HBV in a 2012 medical encounter, but that diagnosis did not result in a liver biopsy, or treatment.  Plaintiff further argues that while the initial test he had can be a first step in treatment, his prior medical history demonstrates that it is not necessarily so.

Although Plaintiff appears to speculate that he would not have received treatment if he had not filed this lawsuit, there is no indication that Plaintiff's current medical treatment was motivated by his lawsuit.  In fact, the medical Defendants who have been served with the complaint were served on May 6, 2014, which is after the liver biopsy which ultimately led to Plaintiff's medication treatment (docket entries #22-#25).  It also appears that Plaintiff was not incarcerated for at least some of the time after his 2012 encounter with Dr. McKinney (docket entry #76-1, page #22).  The evidence indicates that Plaintiff was not in imminent danger of serious physical injury at the time he filed his lawsuit, because treatment was progressing as medically appropriate.  Accordingly, Plaintiff's IFP status should be revoked, and his complaint should be dismissed without prejudice, subject to reopening upon the Court's receipt of the full $400.00 filing and administrative fees, and

a motion to reopen. All other pending motions should be denied as moot.

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to revoke Plaintiff's IFP status filed by Defendants Michelle Bishop, Charlotte Gardner, Ojiugo Iko, Gregory and McKinney (docket entry #76) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. If Plaintiff wishes to pursue this action, he should be required to pay the full $400.00 filing and administrative fees, and file a motion to reopen the case, within 30 days.

3. All other pending motions be DENIED AS MOOT.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  8  day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE